UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOANI JUAREZ MONCADA (A-201-981-174),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITYDETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-3027 DAD CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a native and citizen of Mexico, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  As discussed below, this Court recommends that this action be dismissed as moot.

## I.    BACKGROUND

Petitioner filed his petition for writ of habeas corpus on April 21, 2026. (ECF No. 1.) Respondent filed an answer on April 26, 2026.  (ECF No. 7.)

On May 29, 2026, respondents filed a status report indicating that on May 7, 2026, an immigration judge granted petitioner's request for voluntary departure, and on or about May 18, 2026, petitioner departed the United States and is no longer in immigration custody.  (ECF No. 10.)  On June 3, 2026, this Court ordered petitioner to show cause, within fourteen days, why this action should not be dismissed as moot.  Petitioner did not file a response.

Although it appears from the file that petitioner's copy of the order to show cause was returned, petitioner was properly served.  It is the petitioner's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

## II.    DISCUSSION

In his form pro se petition, petitioner solely challenges his detention and, as relief, seeks release from detention.  (ECF No. 1 at 2, 7.)  For the following reasons, this Court recommends that this action be dismissed as moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

On May 7, 2026, an immigration judge granted petitioner's request for voluntary departure.  (ECF No. 10.)  Respondent reports that on or about May 18, 2026, petitioner departed the United States and is no longer in immigration custody.  (ECF No. 10.)  Because petitioner is no longer in ICE custody, the Court finds that the petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody."); Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, *1 (W.D. Wash. 2026) (petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'" (citations omitted)).  In light of petitioner's voluntary departure

from the United States, the Court recommends that this action be dismissed as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The petition for a writ of habeas corpus (ECF No. 1) be dismissed as moot.

2.   The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/monc3027.157.2241.imm.moot

3